Shigaro Alexanian v. Government Employees and All Travelers Casualty Insurance and... All right. So it looks like we do not have the appellant here, but we will go ahead and hear from the appellees. So, Mr. Masea? Thank you. May it please the court, Henry Masea, European Rattler attorney for defendant appellee Geico. I'm just going to take a couple of minutes and summarize my client's position and make myself available for any questions that the court might have. The plaintiff in this case did not purchase insurance to cover the cost of intentional defamation. That would contravene New York public policy in the terms of his agreement with Geico. The policy specifically says that on page seven of the Geico special appendix that we do not cover damages arising from, and there's a whole list, and number four says acts committed by an insured with intent to cause personal injury. And the underlying complaint in this case by Ms. Morales specifically alleges that plaintiff made false statements, quote, with the purpose to injure her reputation, professional standing, and with intent to cause defendant to lose her job. That's on special appendix page 63. So under those circumstances, there is no reasonable possibility that there will be coverage. I'm not sure I fully agree. Plaintiffs often over claim and make rhetorical gestures at this was all done out of malice and it's all terrible behavior. But it is possible, is it not, that the allegations that Mr. Alexanian made were inaccurate, but were not done intentionally, at least for some of them. I mean some of these things you might say, well, he said she trashed the apartment and he owns the apartment. He would know whether that's true or not. So if that's false, it must be intentionally false. But the allegation about forging the other, the veterinarian's signature, that might turn out to be false. But is it obvious that on this record, and we haven't got any record really. It's at the pleading stage in the underlying case. Why would he necessarily know that that's inaccurate? We now apparently have testimony or something by the vet that he didn't say it or whatever. But why is there no possibility that this could lead to liability on a non-malicious defamation theory? So two points on that. The first is that the intentional acts exclusion refers to the intent to injure and not necessarily the knowledge of falsity. That's sort of a separate piece. The second point is that there might be a theoretical hypothetical possibility. Sorry, just to stop. Is intent to injure an element of defamation? No, it's not.  So defending this claim wouldn't turn on that allegation in the complaint of intent to injure. Correct. That's right. And so I understand that there is maybe a theoretical possibility that the plaintiff could sort of change her allegations in the course of discovery, in the course of trial. But New York courts are pretty clear that the anchor to the analysis are the factual allegations in the complaint. And if that weren't true, then the courts would say, well, you just look at the legal theories that have been asserted in the underlying claim. And you do this abstract analysis where you look at the elements and see if the elements necessarily have to be proven in order to reach the exclusion. But that's not what New York courts do. In Shapiro, the court of appeals in New York was very clear that you look at the factual allegations. And even post-Fitzgerald, where the court of appeals said that you could look behind the factual allegations if there's actual knowledge, subsequent New York court cases routinely hold that allegations of intentional defamation are covered by intentional act exclusion clauses in insurance policy. It seems to me that this creates a situation where if I want to bring a frivolous claim of defamation, it would behoove me to escalate it to claim that it was intentional and malicious defamation and thereby deprive the defendant of having his insurer be able to provide a defense. And that would escalate the level of harassment from filing frivolous claims. In theory, but that presupposes that the plaintiff in the underlying action knows the insurance policy and the specific terms of that policy, because not every policy is the same. You said, and I think you're right, that this is a standard kind of condition of insurance policies because it would be contrary to the public policy of New York to insure people for intentional torts. To insure people against liability for intentional torts. Well, I can say that it's in the cases that have been decided. I can't speak to insurance companies. Yeah, the cases do seem to go that way. Yeah, and even if you bore some reservations, I think you could affirm on the alternative ground that this is covered under the business pursuits exclusion as well. This underlying action emanates from a joint employment agreement and rental agreement. And all the alleged defamatory statements were made by the underlying plaintiff's former employer, two work colleagues. And the insured in this case admitted that he fired the plaintiff in the underlying case because she stopped paying rent. So everything emanates from the business. And so that's an alternative ground on which you can affirm. Thank you.  Good morning, Your Honors. My name is Logan Carducci, and I represent the Defendant Appellee Traveler's Casualty Insurance Company of America. I will be very brief this afternoon. Obviously, our brief is very similar to GEICO's. We make similar arguments about the intentional acts exclusion. Ours is called the Employment Related Practices Exclusion rather than the Business Pursuits Exclusion. So I will be very brief. This court should affirm summary judgment of the district court because the undisputed allegations of the defamation counterclaim, coupled with the unambiguous language of the traveler's policy, demonstrate that no coverage is available to the plaintiff under the traveler's policy. And for the intentional acts exclusion, Ms. Morales, as we know, counterclaimed for defamation. She alleged that plaintiff intentionally and maliciously made false statements about her work ethic and professionalism to his work colleagues and her former work colleagues. She pointedly alleges that plaintiff uttered these statements with the purpose to injure her reputation and with the intent for her to lose her job. Such allegations fall squarely within the intentional acts exclusion. I know that Your Honors had asked some questions of my co-counsel. We would obviously agree with his responses to those as we filed a joint brief and summary judgment below. Can I just add, I think you started that portion of your argument by saying she alleged intentionally and maliciously made false statements. What, I understand the intent to harm allegations, but where in the complaint do you see an allegation of intentionally and maliciously made false statements? I may have used the wrong words. She said willfully and maliciously, and then with the intent to lose.  That is in the, I can give you the citation to our special appendix. It's in the amended answer, which is our supplemental appendix 321 to 322. And it's also in the bill of particulars, which itemizes the actual eight statements alleged, which is, I believe, 329 of our special appendix. And where does it say intentionally and maliciously made false statements? Let me just pull to make sure I'm giving the correct citation. One moment, Your Honor. On page 322, it is the counterclaim. So it says maliciously and with wanton, reckless, and willful disregard for defendant's rights, with the purpose to injure defendant's reputation, professional standing, and with the intent to cause defendant to lose her job. And then if you go to the bill of particulars on 329, it does itemize the eight statements that she is alleging that the plaintiff made. Some of those statements are, as Judge Lynch had indicated, they are about forging the license number and the signature, saying that the defendant is a thief and a dishonorable person. As my co-counsel indicated, there is an alternate ground on this case. It is the employment-related practices exclusion. And if you do look at each of those statements, they are all arising from her employment with the plaintiff. So, for example, number one, the $50,000 raise had nothing to do with her professional ability. And if you look at the employment contract as well, I believe that's our supplemental appendix, page 309. It does say that renting this apartment was a benefit of her employment. So he allegedly gave her a raise and gave her the apartment. All of it had to do with their professional arrangement. And none of this would have happened but for their professional relationship. Unless your honors have any further questions, we ask that you affirm the judgment of the district court. Thank you very much, Fioria. Thank you to both of you. And so with that, we will take this case under advisement as well.